Thomas D. Smith, Esquire (ISB No. 8206)
**SPINNER, WOOD & SMITH**
1335 East Center - P.O. Box 6009
Pocatello, Idaho   83205-6009
Telephone:   (208) 232-4471
Email: tom@pocatello-law.com

Attorneys for R. Sam Hopkins, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In the Matter of: | Case No. 20-40585-JMM |
| MELINDA JO GILBERT, | Chapter 7 |
| Debtor. | |

**MOTION TO APPROVE SETTLEMENT**

COMES NOW R. Sam Hopkins, Trustee ("Trustee"), through his attorneys, and hereby moves the Court to approve a settlement between the Trustee and Beehive Federal Credit Union ("Beehive") as set forth below and in the Settlement Stipulation (Document No. 31). The nature of the controversy and proposed settlement are as follows:

1. The Debtor, Melinda Jo Gilbert, and Eugene Ellis Gilbert ("Gilbert") are married.

2. The Debtor and Gilbert owned a 2014 Chevrolet Impala (VIN 2G1145SL2E9163896). Beehive had a lien on the Impala to secure a loan.

3. On July 23, 2020, Gilbert traded in the Impala at Tadd Jenkins Chevrolet in Rigby, Idaho to purchase a 2018 Dodge Charger (VIN 2C3CDXJG3JH115487). The purchase price of the Charger was $25,995, the trade-in value of the Impala was $7,500, and the payoff amount still owed on the Beehive loan was $10,339.17 resulting in $33,266 due at the time of the sale including costs. The Charger was titled solely in Gilbert's name.

**MOTION TO APPROVE SETTLEMENT - 1**

4. Gilbert financed the purchase of the Charger by obtaining a loan through Idaho Central Credit Union ("ICCU"), which was secured by a lien on the Charger. The ICCU loan was solely in Gilbert's name.

5. On July 29, 2020, the Debtor filed her bankruptcy petition. The Debtor's schedules list the Charger as estate property with a value of $26,000, the ICCU loan on the Charger as a secured debt in the amount of $25,000, and $459 in monthly payments to ICCU on the loan.

6. On August 4, 2020, Gilbert obtained a loan from Beehive for $33,535.36 to refinance the ICCU loan. On the same date Beehive sent a check to ICCU for $33,236.36 to pay off its loan. The Beehive loan was solely in Gilbert's name.

7. On or about August 17, 2020, the Idaho Transportation Department ("ITD") issued a new certificate of title for the Charger that removed ICCU's lien.

8. On September 3, 2020, Beehive filed an application with ITD for a new certificate of title on the Charger to include its lien, and ITD issued a new certificate of title on the same date.

9. Neither Gilbert nor Beehive obtained relief from the automatic stay to add Beehive's lien to the certificate of title for the Charger.

10. The Trustee argues that under 11 U.S.C. § 541(a)(2), the Charger is estate property because it is the Debtor and Gilbert's community property. The Charger was purchased during the Debtor and Gilbert's marriage, and at least some of the funds used to purchase the Charger came from the Impala trade-in, which was owned by both the Debtor and Gilbert. As a result, Beehive's lien on the Charger is void under 11 U.S.C. § 362(a)(4) because it was an act to perfect a lien on estate property in violation of the automatic stay.

11. Beehive argues that the Charger is not estate property because it is Gilbert's separate property. The Charger was titled solely in Gilbert's name, and it was financed by the ICCU and Beehive loans which were solely in Gilbert's name. Additionally, even if the Charger is community property, Beehive is entitled to a lien on the Charger under 11 US.C. § 550(e) for the $33,236.36 it paid to ICCU to pay off its lien.

12. Based on the costs and risks of litigation, the Trustee and Beehive believe it is in their mutual best interests to compromise this issue between them.

13. Beehive shall pay $11,000 to the Trustee and waive its right to file a proof of claim under 11 U.S.C. § 502(h). In exchange, the Trustee shall waive any claims he may have against Beehive related to its lien on the Charger. This shall be a full and final settlement between the Trustee and Beehive regarding all claims related to Beehive's lien on the Charger, and the parties shall be responsible for their own attorney fees and costs in this matter.

WHEREFORE, the Trustee respectfully asks the Court to enter an order approving the proposed settlement.

DATED February 11, 2021.

                                        SPINNER, WOOD & SMITH

                                      By /s/_____
                                            Thomas D. Smith

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on February 11, 2021, I served a true and correct copy of the foregoing document as follows:

| | | |
|---|---|---|
| U.S. Trustee | [ ] | U.S. Mail, postage prepaid |
| | [ ] | Hand Delivery |
| ustp.region18.bs.ecf@usdoj.gov | [x] | ECF Notice |
| | [ ] | Facsimile |
| | | |
| Ryan E. Farnsworth | [ ] | U.S. Mail, postage prepaid |
| | [ ] | Hand Delivery |
| ryan@averylaw.net | [x] | ECF Notice |
| | [ ] | Facsimile |
| | | |
| Melinda Jo Gilbert | [x] | U.S. Mail, postage prepaid |
| 1779 West 5350 South | [ ] | Hand Delivery |
| Rexburg, Idaho 83440 | [ ] | ECF Notice |
| | [ ] | Facsimile |

By /s/_____
Thomas D. Smith

**MOTION TO APPROVE SETTLEMENT - 4**